# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; ) <br> WARNER-TAMERLANE PUBLISHING ) <br> CORP.; JEFF STEVENS MUSIC; RANCHO) <br> BELITA MUSIC; HOUSE OF CASH, INC.; ) <br> SONY/ATV SONGS LLC d/b/a SONY/ATV ) <br> TREE PUBLISHING; BOCEPHUS MUSIC, ) <br> INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STEELE'S RESTAURANT, INC. d/b/a ) <br> STEELE'S DIVE; and JASON L. STEELE, ) <br> individually, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO.: 1:16CV155-SA-SAA |

## **MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

Plaintiffs filed the Complaint in this action on August 29, 2016. In compliance with Fed. R. Civ. P. 4(c), Defendants Steele's Restaurant, Inc. and Jason L. Steele were served with a copy of the Summons and Complaint on September 16, 2016. Copies of the Affidavits of Service, which have been filed with the Court, are attached to the Motion as Exhibit A collectively.

Pursuant to Fed. R. Civ. P. 12(a)(1)(A), Defendants Steele's Restaurant, Inc. and Jason L. Steele were required to file and serve its Answer on Plaintiffs no later than October 8, 2016. To date, no responsive pleading has been filed or served.

Plaintiff Broadcast Music, Inc. ("BMI") is a "performing rights society" which licenses the right to publicly perform a repertoire of 10.5 million copyrighted musical compositions works on behalf of the copyright owners of these works. See 17 U.S.C. § 101 The other Plaintiffs are the

copyright owners of the four individual compositions which are the subject of this lawsuit from whom BMI has acquired the non-exclusive public performance rights. Declaration of John Ellwood, Attorney, Legal Department ("Ellwood Declaration"), ¶¶ 2, 4, attached as Exhibit "C" to the Motion.

BMI, in turn, grants to music users such as broadcasters and the owners and operators of concert halls, restaurants, nightclubs and hotels, the right to publicly perform any of the works in BMI's repertoire by means of "blanket license agreements". Ellwood Declaration, ¶ 2, Exhibit "C". These agreements have been recognized as the most efficient means to exploit copyright owners' public performance rights.

BMI operates as a non profit-making performing rights organization. BMI distributes all of the money it collects in license fees from music users - - licensees such as the restaurants, hotels and nightclubs referenced above - - as royalties to its affiliated publishers and composers, after the deduction of operating expenses and reasonable reserves. Ellwood Declaration, ¶ 3, Exhibit "C".

The Defendants, Steele's Restaurant, Inc. and Jason L. Steele, each individually, (collectively "Defendants") own and operate Steele's Dive located at 4187 W Main Street, Tupelo, MS 38801 which regularly features performances of live and recorded music. Declaration of Brian Mullaney, Vice President, Sales, Licensing ("Mullaney Declaration"), ¶ 3, attached as Exhibit "D" to the Motion.

Between October 2014 and June 2016, BMI repeatedly informed the Defendants of the need to obtain permission for public performances of copyrighted music. BMI offered to enter into a blanket license agreement with the Defendants, but the Defendants did not do so. Mullaney Declaration, ¶¶ 3, 4, 5, 7, and 8 (Exhibit "D" to Motion).

BMI's records indicate that BMI licensing personnel telephoned the Defendants on forty-

seven (47) occasions and sent eighteen (18) letters. Mullaney Declaration ¶¶ 3, 4, 5, 7, 11 and 12 (Exhibit "D" to Motion).

The Complaint seeks an injunction, statutory damages, the costs of this action, and reasonable attorneys' fees for copyright infringement. In light of Defendants' default, Plaintiffs request judgment awarding each of these forms of relief. Liability for copyright infringement is established where the defendant defaults as "[t]he facts alleged in the pleadings are assumed to be true." Broad. Music, Inc. v. DeGallo, Inc., 872 F. Supp. 167, 168 (D.N.J. 1995); See also, Broad. Music, Inc. v. R Bar of Manhattan, Inc., 919 F. Supp. 656 (S.D.N.Y. 1996).

Within the limits of $750 and $30,000 per infringement, the amount of any statutory damages award is within the discretion of this Court. 17 U.S.C. §504(c) (1999). For the four (4) acts of infringement described in the Complaint, Plaintiffs request a reasonable total award of $16,000. This constitutes an award of $4,000 for each of the four (4) infringements, a figure that is approximately three times the amount Plaintiffs would have received in licensing fees from Defendants to date had their establishment properly been licensed. (*See* Mullaney Declaration ¶ 17, Exhibit "D" to Motion).

Courts consistently have held that a statutory damages award three times the amount that the plaintiff would have received in licensing fees is appropriate under Section 504(c). See Chi-Boy Music v. Charlie Club, Inc., 930 F.2d 1224, 1229-30 (7th Cir. 1991); Broadcast Music, Inc. v. Triple L Vending, Inc., 1987 U.S. Dist. LEXIS 13262 , 5 U.S.P.Q.2D 1346 (W.D. Tex. 1987)(awarding approximately three times the total cost of licensing fees, noting that "such an award would provide a more precise amount of statutory damages."); Dream Dealers Music v. Parker, 924 F. Supp. 1146, 1153 (S.D. Ga. 1994) (awarding three times what defendant would have paid ASCAP to be licensed). See also Sailor Music v. IML Corp., 867 F. Supp. 565, 570 (E.D.

3

Mich. 1994) (reviewing "a survey of statutory awards throughout the country, all of which indicate that the courts typically award three times the amount of a properly purchased license for each infringement").

Further, Courts considering awards of statutory damages have recognized that awards in the range of $5,000 to $10,000.00 per infringement are appropriate in cases where the infringement resulted from deliberate indifference toward copyright laws. See Stygian Songs v. Johnson, 776 F. Supp. 2d 233, 239 (N.D. Tex. 2011)(awarding $10,000.00 for each of five works infringed, for a total statutory damage award of $50,000.00); Broadcast Music, Inc. v. Question Mark, 1983 U.S. Dist. LEXIS 19544 (N.D. Tex. Feb. 3, 1983) (finding that "an award of $10,000 for each of nine infringements is reasonable, particularly in light of Question Mark's refusal of BMI's offer to grant a license for the public performance of the compositions in issue."); Controversy Music v. Down Under Pub Tyler, Inc., 488 F. Supp. 2d 572, 579 (E.D. Tex. 2007) (awarding statutory damages in the amount of $25,000.00, finding "an award of $5,000 per infringement is just and sufficient to deter future copyright violations while promoting respect for the law."); Red Giant, Inc. v. Molzan, Inc., 2009 U.S. Dist. LEXIS 63990 (S.D. Tex. July 24, 2009) (finding "$7,500 for each of the four infringements, for a total of $30,000, to be an appropriate award."). For the foregoing reasons, Plaintiffs' request is a modest, just, and appropriate statutory damages award.Therefore, Plaintiffs request is a modest, just, and appropriate statutory damages award.

In any civil action such as this one under the Copyright Act, costs and attorneys' fees are recoverable under 17 U.S.C. § 505. Accordingly, under this provision, the courts have allowed full recovery by the prevailing party of its reasonable costs. See Milene Music, Inc. v. Gotauco, 551 F. Supp. 1288, 1297 (D.R.I. 1982). In addition to statutory damages, Plaintiffs request an award of costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505. To date, Plaintiffs have incurred

4

attorneys fees in the amount of $8,000.00. See Affidavit of Les W. Smith (attached to the Motion as Exhibit "B"). This amount represents a reasonable fee in light of the experience of counsel, the nature of the case, and the services provided. See id.

Because no responsive pleading was filed within the time provided by the Rules and by the Court's Order, pursuant to Federal Rule of Civil Procedure 55(b), Plaintiffs respectfully move this Court for entry of default judgment ordering that:

(a) Defendants Steele's Restaurant, Inc. and Jason L. Steele, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restraining from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(b) Defendants Steele's Restaurant, Inc. and Jason L. Steele pay statutory damages in the amount of $16,000, which represents an award of $4,000 for each of the four (4) acts of infringement, pursuant to 17 U.S.C. § 504(c);

(c) Defendants Steele's Restaurant, Inc. and Jason L. Steele pay plaintiffs' costs, including reasonable attorneys' fees in the amount of $8,000.00, pursuant to 17 U.S.C. § 505;

(d) Defendants Steele's Restaurant, Inc. and Jason L. Steele pay interest on these awards pursuant to 28 U.S.C. § 1961.

Respectfully submitted this the 24th day of February, 2017.

                                          BROADCAST MUSIC, INC., ET AL.

                            By:    PAGE, MANNINO, PERESICH
                                   & MCDERMOTT, P.L.L.C.


                            By:    /s/ Les W. Smith
                                   LES W. SMITH, MS Bar No. 9659

PAGE, MANNINO, PERESICH
& MCDERMOTT, P.L.L.C.
759 Vieux Marche
P. O. Drawer 289
Biloxi, MS 39533
Telephone No. (228) 374-2100
Facsimile No. (228) 432-5539