IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BROADCAST MUSIC, INC., et al.                                    PLAINTIFFS

V.                                          CIVIL ACTION NO. 1:16cv155-SA-RP

STEELE'S RESTAURANT, INC., and
JASON L. STEELE                                                  DEFENDANTS

MEMORANDUM OPINION

This matter came before the Court on Plaintiffs' Motion for Default Judgment [10]. The Clerk's Entry of Default was filed on November 23, 2016. Therefore, the motion is ripe for review.

*Factual and Procedural Background*

Plaintiffs filed the Complaint in this action on August 29, 2016. In compliance with Federal Rule of Civil Procedure 4(c), Defendants Steele's Restaurant, Inc. and Jason L. Steele were served with a copy of the Summons and Complaint on September 16, 2016. Defendants Steele's Restaurant, Inc. and Jason L. Steele were required to file and serve their Answer on Plaintiffs no later than October 8, 2016. To date, no responsive pleading has been filed or served.

Plaintiff Broadcast Music, Inc. (BMI) is a "performing rights society" which licenses the right to publicly perform a repertoire of copyrighted musical compositions works on behalf of the copyright owners of these works. *See* 17 U.S.C. § 101. According to sworn affidavit submitted to the Court by BMI Attorney John Ellwood, BMI has acquired the non-exclusive public performance rights for the compositions that are the subject of this lawsuit. The other Plaintiffs are the copyright owners of the individual compositions.

Typically, BMI grants to music users such as Defendants the right to perform publicly any of the works in their repertoire by means of "blanket license agreements." However, since October 2014, BMI has attempted to contact Defendants over fifty times in an effort to inform them of their obligations under the Copyright Act with respect to the necessity of purchasing such a license agreement. Brian Mullaney, Vice President, Sales, Licensing for BMI attested by affidavit to the Court that Defendants failed to enter a license agreement and continued to offer unauthorized performance of BMI licensed music. Therefore, according to his affidavit, BMI authorized Krystol Wade to visit Steele's Dive to make an audio recording and written report of the music being performed on June 3, 2016. Upon reviewing the audio recording, BMI confirmed the performance of "Carrying Your Love With Me," published by Warner-Tamerlane Publishing Corp., Jeff Stevens Music, and Rancho Belita Music, "Mama Tried," published by Sony/ATV Songs, LLC, "Folsom Prison" (a/k/a "Folsom Prison Blues"), published by House of Cash, Inc., and "Old Habits," published by Bocephus Music, Inc.. Each song is within the BMI repertoire.

Defendants continue to disregard required fees and allegedly continue to violate the copyright laws by publicly performing or allowing to be performed the four songs in question. Therefore, Plaintiffs allege four claims of willful copyright infringement, based upon Defendants' unauthorized public performance of these songs.

*Analysis*

Under the Copyright Act, the copyright owner may elect to recover statutory damages instead of actual damages. 17 U.S.C. § 504(c)(1). Statutory damages range from $750 to $30,000 per work infringed. 17 U.S.C. § 504(c)(1); *Broadcast Music, Inc. v. Xanthas, Inc*., 855 F.2d 233, 236 (5th Cir. 1988). Indeed, district courts are afforded broad discretion in determining the size

of statutory damage awards in copyright infringement actions. *Fermata Int'l Melodies, Inc. v. Champions Golf Club, Inc., 712 F. Supp. 1257, 1263 (S.D. Tex. 1989), aff'd sub nom, Fermata Melodies v. Champions Golf, 915 F.2d 1567 (5th Cir. 1990).* A court may consider both restitution and deterrence when formulating the "just" amount of damages. *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233, 73 S. Ct. 222, 97 L. Ed. 276 (1952); *Fermata*, 712 F. Supp. at 1263.

Courts frequently grant damage awards in excess of the statutory minimum where plaintiffs demonstrate that an infringement was willful. *Jobete Music Co. v. Hampton*, 864 F. Supp. 7, 10 (S.D. Miss. 1994) (awarding $2500 per infringement where evidence demonstrated that ASCAP notified defendants of their infringing activity prior to initiating suit); *Swallow Turn Music v. Wilson*, 831 F. Supp. 575, 581 (E.D. Tex. 1993) (finding $2500 per infringement to be a just award considering the willfulness of the violations and the need for retribution and deterrence); *Crabshaw Music v. K-Bob's of El Paso, Inc*., 744 F. Supp. 763, 768 (W.D. Tex. 1990) (awarding $1500 per infringement where the defendants were well aware of their infringing activity); *Fermata*, 712 F. Supp. at 1264, *aff'd,* 915 F.2d 1567 (awarding $2000 per infringement where a defendant refused to obtain an ASCAP license despite repeated offers). The intent behind such awards is to show defendants that it is more costly to infringe than to obey copyright laws. *Broadcast Music, Inc. v. Barflies, Inc*., No. CIV.A. 03-304, 2003 WL 21674470, at *2 (E.D. La. July 16, 2003). Furthermore, a court may infer willfulness from evidence that notice of a valid copyright was provided to the defendant prior to the infringement. *Malaco Inc. v. Cooper*, No. CIV.A. 300CV2648P, 2002 WL 1461927, at *4 (N.D. Tex. July 3, 2002) (citing *Chi-Boy Music v. Charlie Club, Inc*., 930 F.2d 1224, 1227 (7th Cir. 1991)). Plaintiffs contend that Defendants willfully infringed upon their copyrights.

Courts frequently reach an award that is three to five times the licensing fee owed by the defendant. *Barflies, Inc.*, 2003 WL 21674470, at *2 (citing several copyright infringement cases where the statutory damages awarded were equal to three to five times the licensing fees sought by the copyright owners). Plaintiffs have introduced affidavits as evidence of damage incurred. According to BMI's Vice President, Brian Mullaney,  had Defendants entered into an agreement at the time BMI first contacted them in October 2014, the estimated license fees between October 2014 and the present would have been approximately $5,812.50. Accordingly, Defendants request total statutory damages of less than three times the license fee owed, sixteen thousand dollars ($16,000.00). Specifically, Plaintiff requests an award of $4,000.00 per violation.

The Court finds this amount both within the statutorily mandated parameters, and reasonable given the intent of the pertinent statute. *See* 17 U.S.C. § 504(c)(2). Therefore, Defendants Steele's Restaurant, Inc. and Jason L. Steele are assessed, jointly and severally, statutory damages in the amount of four thousand dollars ($4,000) for each of the four (4) musical compositions, for a total of sixteen thousand dollars ($16,000.00), pursuant to 17 U.S.C. Section 504(c)(1). Furthermore, Defendants Steele's Restaurant, Inc. and Jason L. Steele owe, jointly and severally, interest on the full amount of this judgment, from the date of this judgment, pursuant to 28 U.S.C. Section 1961

Next, there appears to be a danger of continuing infringement, based on Defendants' refusal to comply with copyright laws. Therefore, Defendants Steele's Restaurant, Inc., Jason L. Steele, and their agents, servants, employees and all persons acting under their permission or authority shall be permanently enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by Broadcast Music, Inc. *See* 17 U.S.C. § 502(a);

*Barflies, Inc*., 2003 WL 21674470, at *1; *see also, e.g., Broadcast Music, Inc. v. DeGallo, Inc.*, 872 F. Supp. 167 (D.N.J. 1995).

Plaintiffs also request the Court to order Defendants to pay costs and reasonable attorneys' fees. The Copyright Act provides for a district court to award costs and attorneys' fees to the prevailing party in a copyright infringement action. 17 U.S.C. § 505. While the award of attorneys' fees is left to the court's discretion, attorneys' fees "are the rule rather than the exception and should be awarded routinely." *Positive Black Talk Inc. v. Cash Money Records, Inc*., 394 F.3d 357, 380 (5th Cir. 2004) *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 S. Ct. 1237, 176 L. Ed. 2d 18 (2010) (quoting *McGaughey v. Twentieth Century Fox Film Corp.*, 12 F.3d 62, 65 (5th Cir. 1994)).

However, Plaintiff's attorney failed to submit evidentiary support showing that the amount of attorney's fees is reasonable. *See Kirtsaeng v. John Wiley & Sons, Inc.*, -- U.S. --, 136 S. Ct. 1979, 1985, 195 L. Ed. 2d 368 (2016) (interpreting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed.2d 455 (1994). Therefore, Plaintiff's attorney is directed to file by separate motion a claim for attorneys' fees within fourteen (14) days, establishing a basis for the Court to determine whether the requested fee is reasonable. FED. R. CIV. P. 54(d)(2),

*Conclusion*

Based on Plaintiffs' evidence, the Court finds that plaintiffs have properly supported their Motion for a Default Judgment under Federal Rule of Civil Procedure 55(b)(2). According to sworn affidavit, Defendants have knowingly and intentionally infringed upon the copyrights of four (4) musical compositions owned and/or licensed by Plaintiffs, as contemplated by 17 U.S.C. § 504(c)(2). Therefore, Defendant's Motion for Default Judgment is GRANTED IN PART. The Court sets damages at sixteen thousand dollars ($16,000.00), with interest. Additionally,

Defendants shall be permanently enjoined from infringing the copyrighted musical compositions licensed by Broadcast Music. However, the Court holds in abeyance ruling on attorney's fees pending submission of evidentiary support showing attorney's fees are reasonable. Plaintiffs' separate motion for attorney's fees is due within fourteen (14) days of this order. This Court shall retain jurisdiction over this action for the purpose of enforcing the judgment granted.

It is SO ORDERED this the 11th day of May, 2017.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE