## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

| | | |
|---|---|---|
| BROADCAST MUSIC, INC.; | ) | |
| WARNER-TAMERLANE PUBLISHING | ) | |
| CORP.; JEFF STEVENS MUSIC; RANCHO | ) | |
| BELITA MUSIC; HOUSE OF CASH, INC.; | ) | |
| SONY/ATV SONGS LLC d/b/a SONY/ATV | ) | |
| TREE PUBLISHING; BOCEPHUS MUSIC, | ) | |
| INC., | ) | |
| | ) | |
| Plaintiffs, | )CIVIL ACTION NO.: 1:16CV155-SA-RP | |
| | ) | |
| v. | ) | |
| | ) | |
| STEELE'S RESTAURANT, INC. d/b/a | ) | |
| STEELE'S DIVE; and JASON L. STEELE, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM BRIEF IN SUPPORT
### OF MOTION FOR AWARD OF ATTORNEY'S FEES

COME NOW PLAINTIFFS, BROADCAST MUSIC, INC., WARNER-TAMERLANE

PUBLISHING CORP; JEFF STEVENS MUSIC, RANCHO BELITA MUSIC, HOUSE OF CASH,

INC., SONY/ATV SONGS LLC d/b/a SONY/ATV TREE PUBLISHING, and BOCEPUS MUSIC,

INC., [hereinafter, collectively, BMI], and pursuant to 17 U.S.C. § 505 of the Copyright Act, submits

this, its Memorandum Brief in Support of Motion for Award of Attorney's Fees, to-wit;

### I. FACTS

Broadcast Music, Inc., is a non-profit music performing rights organization which distributes

all of its income, after deducting operating expenses and reasonable reserves, to the songwriters and

music publishers which have entered into agreements granting non-exclusive public performance

rights to it. (Declaration of John Ellwood, ¶¶ 2-3, Exhibit "C" to Motion for Default Judgment, Doc #10-3). The remaining Plaintiffs in this Action are songwriters and music publishers who have, through agreements, granted Broadcast Music, Inc., such non-exclusive performance rights described, supra.

After learning that Defendants Steele's Restaurant, Inc., d/b/a Steele's Dive and Jason L. Steele [hereinafter, collectively, Steele]. were offering musical entertainment without having a license from BMI authorizing public performance of the copyrighted music in BMI's catalog, BMI sent a letter to Steele on October 7, 2014, advising that licensure was necessary and enclosing a license agreement with a fee schedule. (Declaration of Brian Mullaney, ¶ 3, Exhibit "D" to Motion for Default Judgment, Doc #10-4). No response was ever received with regard to that communication, nor additional correspondence / license agreements sent on October 21, 2014, November 21, 2014, November 26, 2014, December 30, 2014, January 6, 2015, January 7, 2015, February 5, 2015, February 16, 205, February 26, 2015, April 1, 2015 and April 29, 2016. (Id., at ¶ 4).

Letters instructing Steele to refrain from presenting public performance of BMI's catalog were mailed via FedEx and First Class Mail via USPS on April 20, 216, May 12, 2016 and May 26, 2016. (Id., at ¶ 5). No response was ever received by BMI. (Id.). Further, on forty-seven (47) occasions, BMI licensing personnel telephoned Steele to discuss licensure status, speaking with Steel agents on a number of occasions including two times with Defendant Jason Steele himself. (Id., at ¶ 7-8, Doc #s 10-3 and 10-4).

An investigation was subsequently conducted by BMI which verified that Steele was indeed offering public performance of Plaintiffs' copyrighted compositions. (Id., at ¶ 9-10, Doc # 10-4).

On June 23, 2016, BMI sent a letter via FedEx and First Class Mail (USPS) advising of the investigation and on the following day, a letter was sent advising that this matter had been turned over to its attorneys. (Id., at ¶¶ 11-12). Defendants never contacted Plaintiffs in response.

On August 29, 2016, the instant Complaint was filed with the Clerk of this Court and Defendants were personally served on September 16, 2016. (Doc #s 1, 4 and 5). On February 24, 2017, Plaintiffs filed their Motion for Default Judgment which this Court granted on May 11, 2017. (Doc #s 10, 12). They Court held the portion of the Motion which requested attorney's fees in abeyance and directed that the instant Motion be submitted.

## II. ARGUMENT

Section 505 of the Copyright Act provides, in pertinent part, that a district court "may ... award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. Although a court may not award attorney's fees as "a matter of course", the United States Supreme Court has identified that, inter alia, the district court may consider "the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 at n. 19, 114 S. Ct. 1023 (1994). As noted by this Court in its May 11, 2017 opinion, "Courts frequently reach an award that is three to five times the licensing fee owed by the defendant." Memorandum Opinion in *Broadcast Music, Inc., et al., v. Steele's Restaurant, Inc.*, et al., Cause No. 1:16-CV-000155 U.S.D.C. N. Dist. Miss., Doc #13, page ID #52). BMI requested, and the Court awarded, an amount that was less than three times the licensing fee. *Id.*.

The United States Supreme Court has also stated that "[w]hen a litigant - whether plaintiff or defendant - is clearly correct, the likelihood that he will recover fees from the opposing party gives him an incentive to litigate the case all the way to the end. *The holder of a copyright that has*

*obviously been infringed has good reason to bring and maintain a suit even if the damages at stake are small ....*" *Kirtsaeng v. John Wiley & Sons, Inc.*, ___ U.S. ___, 136 S. Ct. 1979, 1986 (2016)(*emphasis added*).

When it is considered that Plaintiff contacted Defendant via mail or email more than a dozen times seeking to license Defendant, and spoke with representatives of Defendant several times concerning same, it is clear that deterrence of such willful and flagrant disregard of Plaintiff's rights under the Copyright Act should be a consideration and attorney's fees should be awarded. Plaintiffs have requested attorney's fees in the amount of $8,000.00, even though the work expended is substantially greater. (See Exhibit "A" to Motion under seal). Of course, the Court is free to award a greater amount in attorney's fees in light of the small award for the lost licenses. Such an award of attorney's fees would be appropriate here.

## III. CONCLUSION

Were it not for licensing companies such as BMI, composers and music publishers would be at a distinct disadvantage in enforcing their rights under the Copyright Act due to the obvious logistical problems of obtaining evidence and the economic viability of asserting their claims for individual instances of infringement. Licensing through BMI is inexpensive and is simply a cost of doing business where public performance of copyrighted work is offered as an enticement to visit a nightclub. In light of Defendant's persistent and obdurate refusal to obtain licensure, it is appropriate that an award of attorney's fees be made in this case pursuant to 17 U.S.C. § 505.

Respectfully submitted, this the 24th day of May, 2017.

                                               BROADCAST MUSIC, INC., et al.

                              By:     PAGE, MANNINO, PERESICH
                                            & MCDERMOTT, P.L.L.C.

                              By:     /s/ Les W. Smith
                                            LES W. SMITH, MSB #9659

PAGE, MANNINO, PERESICH
& MCDERMOTT, P.L.L.C.
759 Vieux Marche Mall
P. O. Drawer 289
Biloxi, MS   39533
Telephone No. (228) 374-2100
Facsimile No. (228) 432-5539
Email:  les.smith@pmp.org