IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BROADCAST MUSIC, INC., et al.                                                                                   PLAINTIFFS

V.                                                                                            CIVIL ACTION NO. 1:16cv155-SA-RP

STEELE'S RESTAURANT, INC., and
JASON L. STEELE                                                                                                   DEFENDANTS

## ORDER

This matter arises from the Court's award of a default judgment in Plaintiff's copyright infringement suit against Defendants. Pursuant to this Court's Order [12], Plaintiffs submitted their Motion for Attorney's Fees [17] and provided evidentiary support as to their request. Defendants have not responded.

The Copyright Act gives courts discretion to award attorneys' fees to the prevailing party.[1] In the Fifth Circuit, attorneys' fees awards are "'the rule rather than the exception and should be awarded routinely'" and "evenhandedly to both prevailing plaintiffs and defendants." *Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724, 726 (5th Cir. 2008) (quoting *Positive Black Talk v. Cash Money Records, Inc.*, 394 F.3d 357, 380 (5th Cir. 2004)).

The Supreme Court has held that courts deciding requests for attorney's fees and costs in a copyright infringement case "must take into account a range of considerations." *Kirtsaeng v. John Wiley & Sons, Inc.*, -- U.S. --, 136 S. Ct. 1979, 1984, 195 L. Ed. 2d 368 (2016). In particular, district courts "should give substantial weight to the objective reasonableness of the losing party's position, while still taking into account all other circumstances relative to the granting fees." *Id.* at 1981–82, 195 L. Ed. 2d 368. Other circumstances include "frivolousness,

---

[1] In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs. 17 U.S.C. § 505.

motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1985, 195 L. Ed. 2d 368 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)).

If the court determines that the prevailing party is to receive fees, the court must calculate a "lodestar:" the reasonable number of hours expended on successful claims multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (cited with approval in *Fogerty*, 510 U.S. at 534, 114 S. Ct. 1023, as relevant to awarding attorneys' fees in copyright cases); *see also Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 578 (5th Cir. 2003).

Plaintiffs seek $8,000.00 in costs and attorney's fees. They support the reasonableness of this request with submitted invoices from their Counsel. The specific tasks accomplished by Plaintiff's attorney are outlined and multiplied by an hourly rate of $200.00 per hour. As Counsel for Plaintiffs spent 56.8 hours completing legal research, preparing memos, drafting letters and reviewing court documents, his total professional billing amounts to $11,360.00. Furthermore, the invoice shows that Plaintiff's Counsel or his firm incurred costs in the amount of $456.00. The Court finds no frivolity, improper motivation, or objective unreasonableness in the submitted invoice. Furthermore, the Court finds the lodestar used to be reasonable, considering that Counselor Smith has diligently worked to obtain relief on behalf of his client. Therefore, the Court finds the requested fees are reasonable.

## *Conclusion*

Plaintiff's motion is well supported by the evidence and the Court finds the lodestar to be reasonable. Therefore, Plaintiff's Motion for Attorney's Fees is GRANTED. As there are no further pending issues on docket in this matter, this case is CLOSED.

SO ORDERED this the 28th day of July, 2017.

                                                    /s/ Sharion Aycock
                                                    UNITED STATES DISTRICT JUDGE